UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MEDINA

        Petitioner,

                                                                Civil No. 05-70651

vs.                                                   Criminal No. 90-80594

UNITED STATES OF AMERICA          HON. GEORGE CARAM STEEH

        Respondent,

_____/

ORDER SUSPENDING PAYMENT OF RESTITUTION (CIVIL NO. 05-70651, DOC. NO. 732), DENYING § 2255 PETITION (CIVIL NO. 05-70651, DOC. NO. 737) AND DENYING CERTIFICATE OF APPEALABILITY

     Petitioner Anthony Medina filed a motion with this court seeking to amend his sentence arising out of his 1991 conviction for multiple counts of involvement in a drug conspiracy involving cocaine. For the reasons stated below, the § 2255 petition is DENIED.

     This petition to vacate was filed pursuant to 28 U.S.C. § 2255. This section of the code requires that all motions to vacate be filed within one year of the final judgment of conviction. However, in instances in which the Supreme Court has recognized a new right which was originally denied to a petitioner, the statute of limitations for a § 2255 petition will not begin to accrue until the date of the relevant Supreme Court decision so long as the Court indicates the appropriateness of applying that decision retroactively.

     In the present case, Petitioner's final judgment was issued on May 10, 1996. In order to avoid having his petition barred by the statute of limitations of § 2255, Petitioner

must be able to point to a newly recognized right which is able to be applied retroactively. Petitioner argues that the decision in United States v. Booker, 125 S.Ct. 738 (2005), creates such a right. However, the decision in Booker is not to be applied retroactively to cases on collateral review. Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005). Because the present petition is before this court on collateral review, the right recognized in Booker cannot be applied retroactively. As a result, this petition was filed in an untimely manner and is without merit. Consequently, the petition is DENIED

Pursuant to 28 U.S.C. § 2253(c)(1)(b), an appeal of a § 2255 proceeding may not be taken unless a certificate of appealability was first issued. Furthermore, a certificate of appealability is issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because no such showing has been made, the certificate of appealability is also DENIED.

In addition, Petitioner filed a motion to reduce the amount of restitution he was required to pay by this court due to medical conditions which have since developed. This court enjoys discretion to consider modifying the restitution order as a part of the sentence in this case, based upon a change in circumstances.   While the court is sensitive to the medical hardships suffered by Mr. Medina and his resulting inability to work toward the payment of his restitution, the best interests of justice require Mr. Medina to pay the $8,000 balance which he still owes.  However, the current physical condition of petitioner does support a request for temporary suspension of restitution payments.

In the court's discretion granted by 18 U.S.C. § 3664(k), Petitioner's restitution payments are hereby suspended until he is released from incarceration or until he is able to resume his work assignment, whichever occurs first.

    IT IS SO ORDERED.

                                S/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

Dated: October 11, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 11, 2005, by electronic and/or ordinary mail.

                                S/Josephine Chaffee
                                Secretary/Deputy Clerk